UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

JONATHON WALTER
ROBINSON BEY,

    Plaintiff,                              Civil Action No. 15-13424
                                        Honorable Linda V. Parker
v.                                        Magistrate Judge Elizabeth A. Stafford

ANTHONY WICKERSHAM, *et al.*

    Defendants.
_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO DISMISS [R. 12]

**I.    INTRODUCTION**

Plaintiff Jonathon Walter Robinson Bey, proceeding *pro se*, brings this action pursuant to 18 U.S.C. § 1983, alleging violations of his constitutional rights while he was detained at Macomb County Jail.[1] Defendants State of Michigan and Macomb County Jail were previously dismissed from this case. [R. 9]. The only issue remaining is whether Macomb County Sheriff Anthony Wickersham may be held liable for failure to adequately supervise, control, or train subordinates. [*See* R. 9, PgID 19-20]. Wickersham has filed a motion to dismiss pursuant to Federal Rule of

---

[1] The Honorable Laurie J. Michelson referred this action to the undersigned to resolve all pretrial matters pursuant to 28 U.S.C. § 636(b). [R. 8].

1

Civil Procedure 12(b)(6). [R. 12]. Because Robinson Bey fails to state a plausible claim upon which relief may be granted, the Court **RECOMMENDS** that Wickersham's motion to dismiss [R. 12] be **GRANTED** and the complaint be **DISMISSED WITH PREJUDICE**.

## II. BACKGROUND

Robinson Bey's allegations arise out of several incidents that took place following his arrest in 2015. On July 14, 2015, Robinson Bey was pulled over for speeding, allegedly beaten, and then detained for driving a vehicle with a suspended license and "assaulting and obstructing an officer." [R. 13, PgID 1-2]. He was taken to Macomb County Jail where he allegedly suffered an additional beating inflicted by an "unknown subject," whom Robinson Bey later clarified was a fellow inmate. [R. 1, PgID 1; R. 13, PgID 2].

Robinson Bey claims in his response to the motion to dismiss that he sent Sheriff Wickersham three letters while he was detained.[2] [R. 13, PgID 39]. Robinson Bey says that, in the first letter, he demanded that he be released because he was a Moor and Wickersham had no legal right to

---

[2] These letters are not referenced in Robinson Bey's complaint and he may not amend his complaint through a responsive brief. *Jocham v. Tuscola County*, 239 F.Supp.2d 714, 732 (E.D. Mich. 2003) (citing *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996). For the reasons stated below, Robinson Bey's complaint should be dismissed even if the alleged letters and other facts that he added in his response are considered.

detain him. [*Id.* at PgID 39-40]. He states that, in the second letter, he requested medical treatment for a swollen mouth and broken tooth that he sustained during the assault by an unknown inmate. [*Id.* at PgID 40]. He claims that, after a span of eight days, he was seen by a medical doctor, but he was not prescribed pain medication and his injuries were not attended to by a dentist as he requested. [*Id.*]. According to Robinson Bey, he again demanded in his final letter that Wickersham release him. [*Id.*]. He alleges that Wickersham did not respond to these letters. [*Id.*].

Robinson Bey alleges that, during his incarceration, several inmates at Macomb County Jail died after being attacked or denied medical care. [R. 1, PgID 2; R. 13, PgID 41]. He claims that these reports, compounded by his alleged mistreatment, led him to fear for his life. [*Id.*]. Robinson Bey also alleges that he was treated inhumanely, and verbally and mentally abused while detained at Macomb County Jail. [R. 1; R. 13, PgID 6].

### III. ANALYSIS

Wickersham argues that Robinson Bey fails to allege any particularized factual allegations that would allow for a claim upon which relief may be granted, and that this case should be dismissed with prejudice pursuant to Rule 12(b)(6). [R. 12]. The Court agrees.

**A.**

3

A motion to dismiss pursuant to Rule 12(b)(6) tests a complaint's legal sufficiency. Although the federal rules only require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief," see Rule 8(a)(2), the statement of the claim must be plausible. Indeed, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Id.* However, legal conclusions need not be accepted as true. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. While the Court accords some leniency to pleadings drafted by *pro se* litigants, "[t]he leniency granted to pro se [litigants] … is not boundless." *Martin v. Overton*, 391 F. 3d 710, 714 (6th Cir. 2004). Such complaints still must plead a plausible claim for

relief. *Davis v. Prison Health Services*, 679 F. 3d 433, 437-38 (6th Cir. 2012).

**B.**

Officials may not be held liable under 42 U.S.C. § 1983 for the constitutional violations of their subordinates under a theory of either vicarious liability or *respondeat superior*. *Monell v. New York City Dept. of Social Servs.,* 436 U.S. 658, 691 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). However, supervisory personnel may be held individually liable for failure to adequately supervise, control, or train employees. *Rizzo*, 423 U.S. at 385. In order to maintain such a claim, it is not enough that a supervisor simply had the "right to control employees." *Shehee v. Luttrell*, 199 F. 3d 295, 300 (1999). Rather, a plaintiff must properly allege facts showing a "causal connection" between the alleged misconduct of employees and actions of supervisors demonstrating their endorsement of the unconstitutional conduct. *Rizzo*, 423 U.S. at 371; *see also Hays v. Jefferson County, Ky.,* 668 F. 2d 869, 874 (1982). To establish said causal connection, it must be shown that officials either "encouraged the specific incident of misconduct or in some other way directly participated in it." *Hays,* 668 F. 2d at 874 ("At a minimum, a plaintiff must show that the official at least implicitly

authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending officers").

### i. Claim Unrelated to Actions of Sheriff Wickersham

As noted, Robinson Bey asserts in his complaint that he was beaten while detained at Macomb County Jail. [R. 1, PgID 1]. In his response to the motion to dismiss, Robinson Bey elaborates on two instances in which he was beaten during the period alleged. The first alleged beating, perpetrated by police officers with the City of Warren, took place during Robinson Bey's arrest before he was detained at the Macomb facility. [R. 13, PgID 38]. These individuals were not employees supervised or controlled by Wickersham. Further, Robinson Bey has not pleaded facts supporting a theory that Wickersham directly participated, encouraged, or knowingly acquiesced in this conduct.

The second beating took place at Macomb County Jail, but as Robinson Bey clarified in his response, it was carried out by a fellow inmate, not by Wickersham or any jail personnel. [*Id.*]. It is well established that prison officials have a duty to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials

6

responsible for the victim's safety." *Id*. at 834. Specifically, an official must "know[] of and disregard[] an excessive risk to inmate health or safety" to be found liable. *Id*. at 837. Robinson Bey makes no such allegation, and Wickersham should not be subjected to the expense of discovery. *Chappell v. Morgan,* No. 2:15-CV-1110, 2016 WL 738098, at *4 (S.D. Ohio Feb. 25, 2016), *report and recommendation adopted*, No. 2:15-CV-1110, 2016 WL 1109093 (S.D. Ohio Mar. 21, 2016) ("Although Mr. Chappell argues, in his response, that he can provide more specifics about his claims after he receives discovery, one of the purposes of the pleading rules set forth in cases like *Twombly* and *Iqbal* is to prevent a party from asserting conclusory claims and then subjecting the defendants to the expense of discovery.").

### ii. Claim Related to Wickersham's Failure to Ensure Robinson Bey Receive Adequate Medical Care

Robinson Bey claims that, during his incarceration, he was denied medical treatment for his broken tooth and swollen mouth for a span of eight days, but he does not tie these claims to Wickersham in his complaint. [R. 1, PgID 1; R. 13, PgID 40]. In his response to the motion to dismiss, he claims that Wickersham was responsible for this lack of treatment by failing to answer his letter demanding medical care. [R. 13, PgID 40]. These allegations are insufficient.

7

Pursuant to the Eighth Amendment, prison officials have a duty to maintain humane prison conditions. *Farmer*, 511 U.S. at 832. In order to provide sufficient conditions of confinement, officials are expected to "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Id.* "'Deliberate indifference' by prison officials to an inmate's serious medical needs constitutes 'unnecessary and wanton infliction of pain' in violation of the Eight[h] Amendment's prohibition against cruel and unusual punishment." *Miller v. Calhoun Cty.*, 408 F.3d 803, 812 (6th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

Here, Robinson Bey admits that he received treatment for his ailments after sending the letter to Wickersham. [R. 13, PgID 40]. He may have disagreed with the treatment provided, but this does not rise to the level of deliberate indifference. *Mayfield v. Miles*, No. 13-10341, 2015 WL 736421, at *3 (E.D. Mich. Feb. 20, 2015), *aff'd* (Dec. 21, 2015). *See also Comstock v. McCray*, 273 F.3d 693, 703 (6th Cir. 2002) ("The requirement that the official have subjectively perceived a risk of harm and then disregarded it is meant to prevent the constitutionalization of medical malpractice claims; thus, a plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment.") (citing *Farmer*, 511 U.S. at 834; *Estelle*, 429 U.S. at 106). Furthermore, Robinson

8

Bey does not allege that, after he was seen by a physician, Wickersham was made aware of the inadequate medical care he received. He claims to have sent a third letter to Wickersham, but it demanded release, not medical care. [R. 13, PgID 40]. Thus, even if the Court considered the facts alleged by Robinson Bey in his response, he has failed to sufficiently plead that Wickersham knowingly acquiesced in inadequate treatment.

### iii. Claims of Inhumane Treatment, Verbal and Mental Abuse

Robinson Bey's final claims relate to his alleged inhumane treatment and verbal and mental abuse while detained at Macomb County Jail. [R. 1, PgID 2]. He alleges that he was "inhumanely treated & verbally assaulted, while an inmate at Macomb Co. Jail" and that he was "being verbally & mentally abused." [*Id.*]. There is no factual basis provided to support these conclusory claims, and he does not assert that Wickersham had any involvement in the abuse. In fact, the complaint is almost completely bare of any reference to Wickersham. Even applying the leniency required when reading complaints of *pro se* plaintiffs, Robinson Bey has failed to state a plausible claim and his claims against Wickersham should be dismissed.

### IV. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that

defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), [R. 12], be **GRANTED**, and that this case be **DISMISSED WITH PREJUDICE**.

Dated: July 26, 2016              s/Elizabeth A. Stafford_____
                                                                  ELIZABETH A. STAFFORD
                                                                  United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and

10

Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 26, 2016.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
