UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN WALTER ROBINSON BEY,

    Plaintiff,

v.

ANTHONY WICKERSHAM,

    Defendant.

Case No. 15-cv-13424
Honorable Laurie J. Michelson
Magistrate Judge Elizabeth A. Stafford

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [15]**

Plaintiff Jonathon Walter Robinson Bey filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983, alleging that he was illegally detained and subjected to cruel treatment while in jail. The Court previously dismissed the State of Michigan as a defendant (R. 9), leaving Sheriff Anthony Wickersham as the only defendant. Wickersham filed a motion to dismiss the Complaint. (R. 12.) Now before the Court is Magistrate Judge Elizabeth Stafford's Report and Recommendation recommending that this Court grant Wickersham's motion. (R. 15.) Robinson timely filed objections. (R. 16.) Having considered the briefing, the Report, and Robinson's objections, the Court will ADOPT the Report and GRANT Wickersham's motion to dismiss.

**I. BACKGROUND**

In his Complaint, Robinson alleged that he was "illegally detained" at the Macomb County Jail for a period in 2015. (R. 1 at PID 1.) Between August 8, 2015, and August 16, 2015, Robinson was "denied treatment." (*Id.*) He also alleged that he was "verabally [*sic*] assaulted[.]" (*Id.*) In response to Wickersham's motion to dismiss (R. 12), in which Wickersham argued that there were no specific allegations regarding Wickersham's conduct, Robinson filed an "affidavit of facts," which purports to lay out the factual basis of his claim in greater detail. (R. 13.)

Though the magistrate judge pointed out that Robinson could "not amend his complaint through a responsive brief" (R. 15 at PID 50 n.2), she concluded that dismissal was appropriate even considering the facts alleged in the response brief. (*Id.* at PID 57–58.) Robinson has filed objections to that determination. (R. 16.)

## II. STANDARD OF REVIEW

This Court conducts a *de novo* review of those portions of the Report to which Robinson has objected. 28 U.S.C. § 636(b). The Court need not perform a *de novo* review of the Report's unobjected-to findings. *See Schaefer v. Modelski*, No. 13-CV-13669, 2014 WL 3573270, at *1 (E.D. Mich. July 21, 2014) ("Although a court must review timely objections to a magistrate judge's report and recommendation, a court may adopt, reject, or amend the portions of a report and recommendation to which no party properly objects." (citing Fed. R. Civ. P. 72(b)(3); *Thomas v. Arn*, 474 U.S. 140, 150 (1985))); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Arn*, 474 U.S. at 149–52)).

## III. ANALYSIS

Robinson does not have "an absolute right to amend his complaint without a Court Order under [Fed. R. Civ. P.] 15 to state sufficient facts to support his cause of action(s)." (R. 16 at PID 60.) It is true that "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b), (e), or (f)[.]" Fed. R. Civ. P. 15(a). But that is not what Robinson did. Instead of filing an amended complaint, he filed a response to the motion to dismiss in which he made additional factual allegations. *See* E.D. Mich. LR 15.1. Nonetheless,

the magistrate judge considered these additional allegations in deciding Wickersham's motion to dismiss. Therefore, objection number one will be overruled.

Robinson also objects because he "never consented to a Magistrate ruling in this case as required by local rule(s) nor did he sign any agreement agreeing to this Magistrate[.]" (R. 16 at PID 60.) However, 28 U.S.C. § 636(b)(1)(B) authorizes a district court to "designate a magistrate judge to . . . submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A)," including a motion to dismiss. It is true that the Local Rules provide that parties to a case "may consent to have a magistrate judge conduct all proceedings in the case and order the entry of final judgment." E.D. Mich. LR 73.1(b). But that is not what happened here. Rather, the case was referred for a Report and Recommendation, not a dispositive ruling, pursuant to statutory authorization. Accordingly, the Court overrules objections two and three.

Finally, this Court's Local Rules provide that "[a] party who moves to amend a pleading shall attach the proposed amended pleading to the motion." E.D. Mich. LR 15.1. While "Failure to comply with this Rule is not grounds for denial of the motion," *id.*, Robinson has not formally moved to amend his Complaint, and it is unclear exactly how he would amend it if given the opportunity (or whether Wickersham would oppose such amendment). Thus it is impossible for the Court to evaluate whether leave to amend should be granted. *Hemlock Semiconductor Corp. v. Deutsche Solar GmbH*, 116 F. Supp. 3d 818, 837 (E.D. Mich. 2015) ("Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision." citing *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir.1973)). Moreover, as the magistrate judge pointed out, there is

nothing in Plaintiff's additional factual allegations that establish Wickersham "encouraged the specific incident[s] of misconduct or in some other way directly participated in [them]." *Hays v. Jefferson County, Ky.*, 668 F. 2d 869, 874 (1982); *see also Greenan v. Romeo Vill. Police Dep't*, 819 F. Supp. 658, 665 (E.D. Mich. 1993) (dismissing a § 1983 claim against the Macomb County Sheriff where there were no allegations regarding his involvement in the events giving rise to the claim).

## IV. CONCLUSION

For the reasons set forth above, the Court OVERRULES Robinson's objections (R. 16) and ADOPTS the Report (R. 15). It follows that Wickersham's motion to dismiss (R. 12) is GRANTED and the Complaint is DISMISSED WITH PREJUDICE.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated:  August 18, 2016

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 18, 2016.

s/Jane Johnson
Case Manager to
Honorable Laurie J. Michelson

4